IN THE UNITED STATES DISTRICT COURT FOR THE
<u>DISTRICT OF MARYLAND (Northern Division)</u>

| | | |
|---|---|---|
| WILLAM GARRY | * | |
| 2500 Kensington Gardens | | |
| Suite 107 | | |
| Ellicott City, MD  21043 | * | |
| (Howard County) | | |
| | | |
|    And | * | Civil Action No: |
| | | |
| SHARON GARRY | | |
| 2500 Kensington Gardens | * | _____ |
| Suite 107 | | |
| Ellicott City, MD  21043 | | |
| (Howard County) | * | |
| | | |
|    Plaintiffs | | |
| | * | |
|    Vs. | | |
| | | |
| VIKING RIVER CRUISES, INC. | * | |
| 5700 Canoga Avenue   STE 200 | | |
| Woodland Hills, CA  91367 | | |
| | * | |
| SERVE ON: Milton Hugh | | |
| Agent for Service of Process | | |
| Same address | * | |
| | | |
|    Defendant | | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLAINT

William Garry and Sharon Garry, Plaintiffs, by Patrick G. Cullen, Esq., their attorney, bring this Complaint against Viking River Cruises, Inc. and in support thereof state as follows.

COUNT I
(Breach of Implied Warranty to Perform in a Workmanlike Manner)

1. Plaintiffs are residents and citizens of the State of Maryland.

2. Defendant is a corporation incorporated in a State other than Maryland. It has its principal place of business in California at the address listed above.

3. The Court has jurisdiction of this matter under 28 U.S.C. §1332 on account of the completed diversity of citizenship between Plaintiffs and Defendant.

4. Before November 1, 2012 Plaintiffs booked a cruise that proceeded by river from Budapest Hungary to Passau Germany.

5. During the cruise on November 1, 2012, Plaintiffs joined an on-shore tour in Melk, Austria. When they returned to the cruise ship it was misty and chilly.

6. Ingress to the cruise ship was by way of a gangplank. The gangplank was metal and was covered by a black rubber mat up to the point where there was a hump in the gangplank at the ship's end of the gangplank.

7. William Garry stepped on the slippery, metal hump. He slipped, lost his balance and fell landing on his back and forearms.

8. The ship's crew then produced a second rug with which crew members covered the hump and a warning sign was placed near the hump.

9. William Garry was taken by ambulance to a nearby hospital whereat he was examined and given pain medication. He was discharged from the hospital and returned to the ship.

10. A fellow passenger gave William Garry prescription medication for the pain and Mr. Garry stayed on board the cruise ship the next two days rather that join on-shore tours he had scheduled.

11. On November 5, 2012 William Garry returned home to Howard County as was seen by his internist on account of his discomfort to his back and his hands, wrists, and upper extremities.

12. Mr. Garry's pain continued and ultimately he was underwent diagnostic tests and two specific surgical procedures were performed first on his right arm and then the same two procedures were performed on his left arm.

13. As the result of the slip and fall on the cruise ship, Mr. Garry has continued to have pain and discomfort, lose time from work, have a permanent disability and be required to take on a daily basis pain relieving medication.

14. That Mr. Garry's injuries were the result of the defendant's failure to provide a safe method of ingress to the cruise ship and constituted a breach by defendant of an implied warranty to perform in a workmanlike manner insofar as the gangplank was concerned.

15. On account of his fall, Mr. Garry suffered personal injuries, required medical attention, required multiple surgeries, sustained a permanent impairment or disability, lost earnings from his job and was forced to forego a portion of the tour for which he had paid.

WHEREFORE Mr. Garry claims as his damages an amount in excess of $75,000.

## COUNT II
### (Negligence)

16. Plaintiff William Garry adopts and incorporates the allegations of Paragraphs 1 through 15 above as though set forth herein in their entirety.

17. Defendant had a duty to provide an avenue for safe access to the cruise ship.

18. Defendant had actual knowledge of the danger presented by a slippery gangplank in that other persons on that cruise and other cruises had slipped on the gangplank when it was wet.

19. Defendant breached its duty by (1) failing to warn passengers including Plaintiff William Garry that the gangplank was not totally covered in such a way as to eliminate the slipperiness of the gangplank when it was wet, (2) failing to cover the hump in the gangplank in such a way as to eliminate slipperiness and (3) failing to place a canopy around the area of the gangplank so as to eliminate slipperiness.

20. No negligence on the part of Plaintiff William Garry caused or contributed to the occurrence.

WHEREFORE Mr. Garry claims as his damages an amount in excess of $75,000.

## Count III
### (Loss of Consortium)

21. Plaintiffs William Garry and Sharon Garry adopt and incorporate the allegations of Paragraphs 1 through 20 above as though set forth herein in their entirety.

22. Plaintiffs were and are at all relevant times husband and wife.

23. On account of the injuries sustained by William Garry, Plaintiffs suffered damage to their marital relationship to include a decline in joint activities in which they had engaged.

WHEREFORE Plaintiffs claim as their damages an amount in excess of $75,000.

_____
Patrick G. Cullen, Esq.
Suite 435   110 West Road
Towson, MD  21204
pcullen.rolker@verizon.net
Phone  410.337.8577
Fax  410.337.8537
Bar Number 00750
Attorney for Plaintiffs

ELECTION FOR JURY TRIAL

Plaintiffs hereby elect to have this case tried before a jury.

_____
Patrick G. Cullen, Esq.